Michael Einbinder (ME-3930)
Linden E. Thomas (LT-9974)
EINBINDER & DUNN, LLP
*Counsel for defendant*
104 West 40th Street
New York, NY 10018
(212) 391-9500
(212) 391-9025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DLJ MORTGAGE CAPITAL, INC.,

        Plaintiff,

-against-

CAMERON FINANCIAL GROUP, INC.

        Defendant.
-----------------------------------------------------------x

Case No. 07 CV 3746 (LAP)(HP)

**CERTIFICATION**

Carey Fierro, hereby certifies as follows:

1. I am the Chief Executive Officer of defendant Cameron Financial Group, Inc., ("Cameron") and as such I am fully familiar with the facts and circumstances set forth below.

2. I submit this certification in support of the motion filed by Cameron to dismiss this action for lack of personal jurisdiction and improper venue, or in the alternative, to change venue to the United States District Court for the Central District of California.

**THE PARTIES**

3. Cameron is a direct mortgage lender that markets its services primarily to residents of California, Arizona, Nevada and Washington, but not to residents of New York. Cameron is licensed in California and other states but not in New York. As indicated in the complaint, DLJ Mortgage Capital, Inc. ("DLJ") brought this action for breach of contract and

related relief in connection with the agreement between the parties dated June 1, 2001, and the amendment to that agreement dated April 1, 2005, for the sale of certain mortgage loans held or to be generated by Cameron (collectively the "Interim Agreements") (Exhibit A).[1] Cameron believes there are a number of meritorious defenses to this action and therefore Cameron intends to defend this case vigorously. However, Cameron should not be required to defend this action in New York.

## THE INSTANT MOTION

4.    This motion seeks dismissal of the complaint for lack of jurisdiction, improper venue or in the alternative to change venue. As set forth below, this court does not have personal jurisdiction over Cameron. Cameron did not consent to jurisdiction in New York for claims under the Interim Agreements or any other agreement relevant to this action.

5.    Moreover, as is also set forth below, Cameron does not and did not transact business in New York. Nor did Cameron contract to sell goods or services in New York. In addition, venue is not proper. Even if this court did have jurisdiction over Cameron and venue was proper, this venue is not a convenient forum as none of the transactions between Cameron and DLJ had any connection to New York and most of the witnesses and documents are located outside of New York.

6.    Cameron does not conduct business in New York. In fact, Cameron is a corporation organized under the laws of California with offices in San Luis Obispo, California and has no presence in New York. Cameron conducts its business at the San Luis Obispo, California location or from a satellite office located in Laguna Hills, California. All of its employees are located in California. Cameron does not maintain any office, have any employees, maintain any bank accounts or have any telephone listings in New York.

---

[1] A copy of the complaint in this case is annexed hereto as Exhibit B.

Furthermore Cameron, does not, and did not conduct any public relations work in New York and has not applied for any mortgage lenders license or similar licenses in New York.

7. Cameron has not consented to New York jurisdiction in the Interim Agreements. In fact, although the Interim Agreements contains a clause requiring the application of New York law to claims arising thereunder, they do not contain a provision relating to New York jurisdiction for claims. Notably, the Interim Agreements were drafted by DLJ and forwarded to Cameron in California for execution. Cameron employees did not travel to New York to negotiate the terms of the Interim Agreements. DLJ chose not to include a clause requiring this case be tried in the New York courts. Further, DLJ has not identified any other document in which Cameron consented the jurisdiction of the New York courts, and in fact, no such document exists.

8. Cameron does not have an on-going contractual relationship with DLJ. The Interim Agreements were buy/sell agreements for those mortgage loans, whereby the loans were sold and the servicing rights were conveyed at the time that the loans were sold or shortly thereafter. Thus, there was no on-going contractual relationship between DLJ and Cameron.

9. Moreover, the Interim Agreements are not contracts to supply goods and services in New York. As noted, pursuant to the Interim Agreements, Cameron sold DLJ loans. No services or goods were sold or supplied by Cameron to DLJ under any agreements between them, and certainly none were provided in New York.

10. Indeed, the transactions between DLJ and Cameron, have no connection to New York. Cameron used the internet services of DLJ to complete many transactions. The Interim Agreements provided for the sale of certain mortgage loans with the servicing rights to those mortgages. Each mortgage loan sold to DLJ pursuant to the Interim Agreements originated

wholly outside of New York and each was secured by a lien on residential real property located outside of New York.

11.  Additionally, New York is not a convenient forum for the determination of the issues in this case. Most of the events giving rise to the action occurred in the offices of Cameron in San Luis Obispo, California. DLJ's complaint is based on the assertion that Cameron failed to repurchase the 11 loans that are the subject of this action and therefore any breach of the Amended Interim Agreement, if any, would have occurred in California. No event giving rise to this action occurred in New York. Any claim for repurchase would, under the Amended Interim Agreement, require notice and demand therefore to be sent to Cameron to its offices in San Luis Obispo, California. Additionally, all documents relating to the negotiation of the Amended Interim Agreement and performance of the Amended Interim Agreement by Cameron are located either at the offices of Cameron in San Luis Obispo, California or at the offices of third party service providers. These documents include books and records relating to the mortgage loans as well as letters and emails between the parties.

12.  Many of Cameron's witnesses are located in California, and none are in New York. All of Cameron's employees reside outside of New York and most reside in California. New York is a less convenient forum for those people than California.

13.  Additionally, most, of the properties which are the subject of the mortgage loans that were sold to DLJ currently have values in excess of the values appraised at the time the mortgages were given. Upon information and belief, DLJ has sold, foreclosed or otherwise liquidated most of the loans. In doing so, DLJ should have been able to satisfy the asserted obligations purportedly owed to it. However, it appears that DLJ is seeking to recover the difference between the repurchase price and the amount obtained when the loans were liquidated.

Thus, DLJ may have failed to properly mitigate its damages. To support this defense, Cameron will most likely require testimony from non-party witnesses. One of Cameron's most important witnesses will be Gary Shev, an employee of All Point Financial, Inc. All Point Financial, Inc. is a consultant to Cameron and maintains offices in California. Mr. Shev is a person familiar with Cameron's disputed transactions with DLJ and would testify about all disputed transactions between Cameron and DLJ. In addition, it does not appear that any of the other non-party witnesses in this case are located in New York, in that none of the subject mortgaged property is located in New York. (Six of the 11 loans that are the subject of this action were secured by property located in California, two of the loans were secured by property located in Minnesota, and properties located in Nevada, Wyoming and Arizona secured the other three loans.) For example, Cameron will likely require the testimony of employees from various loan servicing companies that handled DLJ's liquidation of the loans. Upon information and belief, those loan servicing companies includes Select Portfolio Servicing, which is located in Florida. Notably, none of the companies that serviced those loan appear to be located in New York. In addition, Cameron will require the testimony of non-parties involved in the valuation of the properties and none of those individuals are located in New York since none of the properties are in New York.

14.   Accordingly, the court should dismiss this action for lack of personal jurisdiction and improper venue. Alternatively, it should transfer this case to the United States District Court for the Central District of California.

## CONCLUSION

15.   For these reasons stated above, and based on the complaint, the instant motion to dismiss for lack of personal jurisdiction and improper venue should be granted in all respects or, in the alternative, venue should be changed.

I certify under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 29th day of June, 2007

_____
Carey Fierro

Sworn to before me this
29th day of June, 2007

Carla J. K—, Notary Public

CARLA J. KING
COMM. #1481178
NOTARY PUBLIC - CALIFORNIA
SAN LUIS OBISPO COUNTY
My Comm. Expires Apr. 6, 2008

6