Michael Einbinder (ME-3930)
Linden E. Thomas (LT-9974)
EINBINDER & DUNN, LLP
*Counsel for defendant*
104 West 40th Street
New York, NY 10018
(212) 391-9500
(212) 391-9025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 07 CV 3746 (LAP)(HP)

------------------------------------------------------------x

DLJ MORTGAGE CAPITAL, INC.,

**CERTIFICATION**

Plaintiff,

-against-

CAMERON FINANCIAL GROUP, INC.

Defendant.

------------------------------------------------------------x

Carey Fierro, hereby certifies as follows:

1. I am the Chief Executive Officer of defendant Cameron Financial Group, Inc., ("Cameron") and as such I am fully familiar with the facts and circumstances set forth below.

2. I submit this certification in further support of the motion filed by Cameron to dismiss this action for lack of personal jurisdiction and improper venue, or in the alternative, to change venue to the United States District Court for the Central District of California.

3. As indicated in the complaint, DLJ Mortgage Capital, Inc. ("DLJ") brought this action for breach of contract and related relief in connection with the agreement between the parties dated June 1, 2001, and the amendment to that agreement dated April 1, 2005, for the sale of certain mortgage loans held or to be generated by Cameron. The April 1, 2005 agreement completely replaced the June 1, 2001 agreement and the parties have conducted business

pursuant to the April 1, 2005 agreement since that time. Further, all of the mortgage loans that are the subject of this action were sold by Cameron and purchased by DLJ pursuant to the terms of the April 1, 2005 agreement.

4. No Cameron employee or representative negotiated either the June 1, 2001 agreement or the April 1, 2005 agreement. DLJ simply forwarded both of those agreements to Cameron, at its California office, for execution. No Cameron employee or representative negotiated either agreement by telephone, fax or email, and no Cameron employee or representative ever visited New York for the purpose of negotiating either of the agreements. Further, Cameron performed under those agreements by maintaining books and records, participating in closings by telephone, delivering mortgage loans to DLJ's fulfillment centers, and receiving notifications at, or from, its offices in San Luis Obispo, California. I executed the agreements, on behalf of Cameron, in California.

5. Cameron did not contract with DLJ to supply goods or services in New York. Cameron sold DLJ mortgage loans. Cameron was not required to sell, nor was DLJ required to buy, any loans, including the subject loans. From time to time Cameron advises numerous prospective purchasers, including DLJ on occasion, that it wishes to sell certain loans. Those prospective purchasers, including sometimes DLJ, placed bids on as many or as few of the loans as they wished. Of course, the prospective purchasers could decline to bid on any of the loans. Once bids were accepted, the sale of loans, including those to DLJ, are made pursuant to "trade letters" that set forth the details of the transaction, such as identifying the subject loan, the principal balance for that loan and the purchase price of that loan. Those details differed for each loan sold and each trade letter represents a separate and distinct transaction. Since the execution of the April 1, 2005 Cameron and DLJ have entered into 25 separate transactions. The agreement

between DLJ and Cameron provides some of the terms of the buy/sell transactions that Cameron and DLJ wished to make and saves the parties the time and expense of preparing new agreements for each loan or package of loans that DLJ wishes to purchase.

6. Cameron did not deliver the loans it sold to DLJ to New York, rather, at DLJ's instruction, those loans were delivered to its "fulfillment center," where, upon information and belief, due diligence reviews were conducted to ensure that DLJ could securitize the loans that it purchased. Cameron's records indicate that the documents concerning the loans it sold to DLJ were sent to DLJ Mortgage Capital, Inc., located in Downers Grove, Illinois.

7. DLJ has also alleged that sometime in the last six years Cameron repurchased 26 loans from DLJ for approximately $1.79 million and that when it did so Cameron made payment into DLJ's New York account. Cameron has made a diligent search, and it has no record that it ever repurchased any loan from DLJ or that it ever made payment into DLJ's accounts for such a repurchase. Thus, Cameron denies that any such repurchase of loans from DLJ ever occurred.

8. For the reasons stated above, and based on the complaint, the instant motion to dismiss for lack of personal jurisdiction and improper venue should be granted in all respects or, in the alternative, venue should be changed.

I certify under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of August, 2007

State of California
County of San Luis Obispo



Sworn to before me this
9th day of August, 2007

_____
Carey Fierro

_____
Carla J. King, Notary

3