EINBINDER & DUNN, LLP
MICHAEL EINBINDER (ME-3930)
MATTHEW DAVID BROZIK (MB-6026)
*Counsel for Defendant*
104 WEST 40th STREET
NEW YORK, NEW YORK 10018
(212) 391-9500
(212) 391-9025 (facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- )
DLJ MORTGAGE CAPITAL, INC.                                 )  Case No.: 07 CIV 3746 (LAP) (HBP)
                                                           )
                                        Plaintiff,         )
                                                           )  **ANSWER TO AMENDED COMPLAINT**
            -against-                                      )
                                                           )
CAMERON FINANCIAL GROUP, INC.,                             )
                                                           )
                                        Defendant.         )
---------------------------------------------------------- )

Defendant, CAMERON FINANCIAL GROUP, INC. ("Cameron"), by its undersigned counsel, Einbinder & Dunn, LLP, responds to the allegations in the Amended Complaint of the plaintiff, DLJ Mortgage Capital, Inc., as follows:

### JURISDICTION AND VENUE

1. Answering paragraph 1, Cameron admits that it is a California corporation with its principal place of business in California.

2. Answering paragraph 2, Cameron respectfully refers questions of law to the court.

### THE PARTIES

3. Answering paragraph 3, Cameron denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

4. Answering paragraph 4, Cameron admits the allegations contained therein.

## FACTUAL ALLEGATIONS

5. Answering paragraph 5, Cameron admits the existence of the Original Purchase Agreement, as that term is defined in the Amended Complaint, and respectfully refers the court to the document referred to for its true terms and legal effect.

6. Answering paragraph 6, Cameron admits the existence of the Amended and Restated Purchase Agreement, as that term is defined in the Amended Complaint, and respectfully refers the court to the document referred to for its true terms and legal effect.

7. Answering paragraph 7, Cameron admits the existence of the Original Purchase Agreement and the Amended and Restated Purchase Agreement and respectfully refers the court to the documents referred to for their true terms and legal effect.

8. Answering paragraph 8, Cameron denies each and every allegation contained therein.

9. Answering paragraph 9, Cameron denies each and every allegation contained therein, and avers that Cameron had no duty to repurchase any loan.

10. Answering paragraph 10, Cameron admits the existence of the Cameron Purchase Agreements, as that term is defined in the Amended Complaint, and respectfully refers the court to the documents referred to for their true terms and legal effect.

11. Answering paragraph 11, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for

their true terms and legal effect.

12. Answering paragraph 12, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for their true terms and legal effect.

**The Cooper Loan**

13. Answering paragraph 13, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for their true terms and legal effect. Cameron denies the remainder of the allegations contained therein.

14. Answering paragraph 14, Cameron denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

15. Answering paragraph 15, Cameron admits that the plaintiff purported to give certain notice and respectfully refers the court to the document referred to for its true terms and legal effect.

16. Answering paragraph 16, Cameron denies each and every allegation contained therein and avers that it had no duty to repurchase the Cooper Loan from the plaintiff.

**The Roque Loan**

17. Answering paragraph 17, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for their true terms and legal effect. Cameron denies the remainder of the allegations contained therein.

18. Answering paragraph 18, Cameron denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein.

19. Answering paragraph 19, Cameron admits that the plaintiff purported to give certain notice and respectfully refers the court to the document referred to for its true terms and legal effect.

20. Answering paragraph 20, Cameron denies each and every allegation contained therein and avers that it had no duty to repurchase the Roque Loan from the plaintiff.

**The Johnson Loan**

21. Answering paragraph 21, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for their true terms and legal effect. Cameron denies the remainder of the allegations contained therein.

22. Answering paragraph 22, Cameron denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

23. Answering paragraph 23, Cameron admits that the plaintiff purported to give certain notice and respectfully refers the court to the document referred to for its true terms and legal effect.

24. Answering paragraph 24, Cameron denies each and every allegation contained therein and avers that it had no duty to repurchase the Johnson Loan from the plaintiff.

**The Vasquez Loans**

25. Answering paragraph 25, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for

4

their true terms and legal effect. Cameron denies the remainder of the allegations contained therein.

26. Answering paragraph 26, Cameron denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

27. Answering paragraph 27, Cameron admits that the plaintiff purported to give certain notice and respectfully refers the court to the document referred to for its true terms and legal effect.

28. Answering paragraph 28, Cameron denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

29. Answering paragraph 29, Cameron admits that the plaintiff purported to give certain notice, and respectfully refers the court to the document referred to for its true terms and legal effect.

30. Answering paragraph 30, Cameron denies each and every allegation contained therein and avers that it had no duty to repurchase the Vasquez Loans from the plaintiff.

**The Ford Loan**

31. Answering paragraph 31, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for their true terms and legal effect. Cameron denies the remainder of the allegations contained therein.

32. Answering paragraph 32, Cameron denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

33.     Answering paragraph 33, Cameron admits that the plaintiff purported to give certain notice and respectfully refers the court to the document referred to for its true terms and legal effect.

34.     Answering paragraph 34, Cameron denies each and every allegation contained therein and avers that it had no duty to repurchase the Ford Loan from the plaintiff.

**The Martinez Loan**

35.     Answering paragraph 35, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for their true terms and legal effect. Cameron denies the remainder of the allegations contained therein.

36.     Answering paragraph 36, Cameron denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

37.     Answering paragraph 37, Cameron admits that the plaintiff purported to give certain notice and respectfully refers the court to the document referred to for its true terms and legal effect.

38.     Answering paragraph 34, Cameron denies each and every allegation contained therein and avers that it had no duty to repurchase the Martinez Loan from the plaintiff.

**The Josephson Loan**

39.     Answering paragraph 39, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for

their true terms and legal effect. Cameron denies the remainder of the allegations contained therein.

40. Answering paragraph 40, Cameron denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

41. Answering paragraph 41, Cameron admits that the plaintiff purported to give certain notice and respectfully refers the court to the document referred to for its true terms and legal effect.

42. Answering paragraph 42, Cameron denies each and every allegation contained therein and avers that it had no duty to repurchase the Josephson Loan from the plaintiff.

**The Combs Loan**

43. Answering paragraph 43, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for their true terms and legal effect. Cameron denies the remainder of the allegations contained therein.

44. Answering paragraph 44, Cameron denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

45. Answering paragraph 45, Cameron admits that the plaintiff purported to give certain notice, and respectfully refers the court to the document referred to for its true terms and legal effect.

46. Answering paragraph 46, Cameron denies each and every allegation contained therein and avers that it had no duty to repurchase the Combs Loan from the plaintiff.

**The Shah Loans**

47.     Answering paragraph 47, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for their true terms and legal effect. Cameron denies the remainder of the allegations contained therein.

48.     Answering paragraph 48, Cameron denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

49.     Answering paragraph 49, Cameron admits that the plaintiff purported to give certain notice, and respectfully refers the court to the document referred to for its true terms and legal effect.

50.     Answering paragraph 50, Cameron denies each and every allegation contained therein and avers that it had no duty to repurchase the Shah Loan from the plaintiff.

**The Conedy Loan**

51.     Answering paragraph 51, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for their true terms and legal effect. Cameron denies the remainder of the allegations contained therein.

52.     Answering paragraph 52, Cameron denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

53.     Answering paragraph 53, Cameron admits that the plaintiff purported to give certain notice and respectfully refers the court to the document referred to for its true terms and legal effect.

54. Answering paragraph 54, Cameron denies each and every allegation contained therein and avers that it had no duty to repurchase the Conedy Loan from the plaintiff.

### FIRST CLAIM FOR RELIEF

55. Cameron repeats and realleges its responses to paragraphs 1 through 54 of the Amended Complaint as if those responses were fully set forth hereat.

56. Answering paragraph 56, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court the documents referred to for their true terms and legal effect.

57. Answering paragraph 57, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court the documents referred to for their true terms and legal effect.

58. Answering paragraph 58, Cameron admits that the plaintiff purported to send certain notices, but avers that it had no duty to repurchase the Cooper Loan, the Roque Loan, the Johnson Loan, the Vasquez Loans, the Ford Loan, the Martinez Loan, the Josephson Loan, the Combs Loan, the Shah Loans, or the Conedy Loan from the plaintiff.

59. Answering paragraph 59, Cameron denies the allegations contained therein and avers that it had no duty to repurchase the Cooper Loan, the Roque Loan, the Johnson Loan, the Vasquez Loans, the Ford Loan, the Martinez Loan, the Josephson Loan, the Combs Loan, the Shah Loans or the Conedy Loan from the plaintiff.

60. Answering paragraph 60, Cameron denies the allegations contained therein.

61.     Answering paragraph 61, Cameron denies the allegations contained therein and respectfully refers questions of the law to the court.

## SECOND CLAIM FOR RELIEF

62.     Cameron repeats and realleges its responses to paragraphs 1-61 of the Amended Complaint as if those responses were fully set forth hereat.

63.     Answering paragraph 63, Cameron admits the allegation contained therein.

64.     Answering paragraph 64, Cameron denies the allegations contained therein and respectfully refers questions of the law to the court.

65.     Answering paragraph 65, Cameron denies the allegations contained therein.

## THIRD CLAIM FOR RELIEF

66.     Cameron repeats and realleges its responses to paragraphs 1-65 of the Amended Complaint as if those responses were fully set forth hereat.

67.     Answering paragraph 67, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for their true terms and legal effect.

68.     Answering paragraph 68, Cameron admits the existence of the Cameron Purchase Agreements and respectfully refers the court to the documents referred to for their true terms and legal effect.

69.     Answering paragraph 69, Cameron denies the allegations contained therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

70. Plaintiff has failed to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

71. Plaintiff has not satisfied conditions precedent to suit.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

72. Plaintiff has failed properly to mitigate its damages, if any.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

73. Plaintiff has suffered no actual damage.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

74. Plaintiff has failed properly to liquidate the loans that are the subject of this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

75. Plaintiff has failed to give to Cameron all notices required by the parties' agreements.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred by plaintiff's own breaches, unlawful conduct, or violations of law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

78. Any loss suffered by plaintiff is the result solely of plaintiff's own actions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

79. Upon information and belief, plaintiff sold, repackaged, or securitized some or all of the loans that are the subject of this action.

80. Therefore, at the times the alleged demands for repurchase and/or indemnification were made with respect to the loans that were sold, repackaged, or securitized, plaintiff did not own the loans.

81. Accordingly, plaintiff is not a real party in interest and lacks standing to sue.

WHEREFORE, defendant Cameron Financial Group, Inc. demands judgment:

(1) dismissing the complaint herein in its entirety;

(2) awarding it the costs and disbursements of this action; and

(3) granting such other and further relief as the court may deem just and proper.

Dated: January 7, 2008
       New York, New York

EINBINDER & DUNN, LLP

Matthew David Brozik (MB-6026)
Michael Einbinder (ME-3930)
*Counsel for Defendant*
*Cameron Financial Group, Inc.*
104 West 40th Street
New York, New York 10018
Telephone: (212) 391-9500
Facsimile: (212) 391-9025